CRANE *v.* KRUG *et al.*

(*Knoxville,* September Term, 1937.)

Opinion filed Oct. 16, 1937.

CHARLES H. NEIGHBORS, of Chattanooga, for appellant.

CLARENCE KOLWYCK and JOHN T. MAHONEY, both of Chattanooga, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

From the final decree of the chancery court, Crane prayed and was granted an appeal to the next term of

the Court of Appeals, and he was "allowed 30 days from the entry of this order (which was March 5, 1937) within which to perfect said appeal as required *by law and the rules of the court.*" (Italics ours).

On the same day (March 5, 1937) Crane filed with the clerk and master his pauper oath on appeal.

In the Court of Appeals, the appellees moved to dismiss the appeal of Crane "for the reason that he has failed to perfect his appeal in the court below by giving proper bond or by obtaining permission from the Chancellor to file the pauper's oath which he attempted to do." The court sustained this motion and remanded the cause to the chancery court.

Under section 9047 of the Code it is provided, in part:

*"The appeal shall be prayed and appeal bond shall be executed or the pauper oath taken within thirty days from the judgment or decree, if the court holds so long, otherwise before the adjournment of the court,* but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty days, the court may extend the time to give bond or take the oath in term or after adjournment of the court; but in no case more than thirty days additional." (Italics ours.)

The decree did not require that Crane give an appeal bond, but merely provided that he was allowed 30 days "within which to perfect his appeal as required by law and the rules of the court." The statute above referred to provides that an appeal may be had on either the giving of an appeal bond or taking the pauper oath. Under the decree of the chancellor Crane could either give the bond or take the oath. The decree did not restrict him to either method. He complied with the de-

cree by appealing in a manner provided by law and on the same day as the entry of the decree. The clerk and master had the right to accept the pauper's oath, which was tendered within the time allowed and at the same term of court as the entry of the decree.

Crane has filed his petition for *certiorari* to this court and assigned errors. This petition has heretofore been granted and the cause set down for argument.

The view taken by the Court of Appeals that a pauper oath on appeal cannot be accepted by the clerk and master without an order of court allowing the appeal on such oath is, we think, erroneous and unsupported by Tennessee authority.

The result is that the decree of the Court of Appeals must be reversed, and the cause remanded to that court. The costs in this court will be paid by Regina Krug et al., defendants.